UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MOSHE CINQUE CANTY,

                                                  Petitioner,

        -vs-                                **No. 6:12-CV-6684(MAT)**
                                                         **DECISION AND ORDER**
DAVID ROCK, Superintendent of
Upstate,

                                                  Respondent.
_____

## I.   Introduction

Pro se petitioner Moshe Cinque Canty ("Canty" or "Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging an unconstitutional deprivation of good time credits and disciplinary confinement. Petitioner is incarcerated pursuant to a November 18, 1999 judgment of the New York State Supreme Court, Kings County, following a jury verdict convicting him of Attempted Murder in the Second Degree and lesser charges. Canty was sentenced to an aggregate prison term of twenty years, to be followed by five years of post-release supervision. While incarcerated, Canty was involved in an incident which resulted in his conviction on September 30, 2004, following a guilty plea in Cayuga County Court of New York State to one charge of Assault in the Second Degree. For this conviction, he was sentenced to a prison term of five years, to be followed by five years of post-release supervision; these sentences were set to run

consecutively to the sentence imposed for his Kings County convictions.

## II. Factual Background and Procedural History

Canty's claims stem from a November 10, 2009 determination following a Tier III disciplinary hearing held at Elmira Correctional Facility. Following the hearing, Canty was found guilty of violating several rules of inmate behavior: 106.10 (refusing a direct order), 104.13 (creating a disturbance), 107.11 (harassment), and 102.10 (threats). The hearing officer recommended a loss of three months of good time credits and sentenced Canty to a period of six months confinement in the special housing unit ("SHU").[1] After the disciplinary determination was affirmed on administrative appeal, Canty filed an action pursuant to Article 78 of the New York Civil Practice Law and Rules ("C.P.L.R.").

On August 24, 2010, the New York State Supreme Court, Chemung County, dismissed the Article 78 petition. On April 21, 2011, the Appellate Division, Third Department, of New York State Supreme Court, affirmed the dismissal of the Article 78 application. Leave to appeal was denied on June 30, 2011, by the New York Court of Appeals. On January 9, 2012, the United States Supreme Court denied

---

[1] Canty's confinement in the SHU in connection with this incident ended on June 7, 2010. He is currently confined in the SHU at a different correctional facility, in connection with another disciplinary determination. Respondent indicates that Canty's release date has not yet been extended as a result of the recommended loss of good time credits.

certiorari. Canty v. Esgrow, 83 A.D.3d 1322 (3d Dept.), lv. denied, 17 N.Y.3d 705 (2011), cert. denied, 132 S.Ct. 1020 (2012).

In his pro se habeas petition dated December 3, 2012, and received by this Court on December 14, 2012, Canty raises the same four claims that he presented on appeal of his Article 78 petition to the Appellate Division: (1) he did not receive a copy of the SHU Orientation Manual and therefore had no notice of the pertinent rules; (2) he was improperly removed from the disciplinary hearing; (3) he was denied the right to call witnesses at the hearing; and (4) he was denied adequate assistance in preparing for the hearing.

Respondent answered the petition, asserting that two of the four claims are unexhausted because Petitioner failed to fairly present them in federal constitutional terms to the state courts. Respondent also asserts that the petition is untimely and that Petitioner is not entitled to have the statute of limitations equitably tolled. Finally, Respondent argues that, in any event, all of Petitioner's claims lack merit.

For the reasons discussed below, Canty's request for a writ of habeas corpus is denied, and the petition is dismissed.

**III. Timeliness**

Canty, a prisoner in state custody whose habeas petition challenges an administrative decision by DOCCS, properly brought his petition pursuant to 28 U.S.C. § 2254. See Cook v. New York State Div. of Parole, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding

that petition challenging administrative decision revoking state prisoner's parole was an "application . . . in behalf of . . . a person in custody pursuant to the judgment of a State court . . . on the ground that [the applicant] is in custody in violation of the Constitution . . . of the United States[,]" 28 U.S.C. § 2254(a)). A one-year statute of limitations, see 28 U.S.C. § 2244(d)(1), is applicable to habeas petitions brought pursuant to 28 U.S.C. § 2254. In Cook, the Second Circuit applied § 2244(d)(1) to the petition challenging a parole revocation. There is no reason why § 2244 should not apply in Canty's case. See Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir.) ("[W]e have held in numerous cases that § 2254 was the correct vehicle for contesting loss of good time credit in prison disciplinary proceedings, and we adhere to those decisions today.") (citations omitted), cert. denied sub nom. Hanks v. Finfrock, 531 U.S. 1029 (2000).

Respondent argues that Canty's petition is untimely because it was not filed with in the applicable one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1), which provides that a§ 2254 petition must be filed no more than one year from the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the statute of limitations in § 2244(d)(1) is tolled during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or decision. See 28 U.S.C. § 2244(d)(2).

Turning to the issue of which event supplies the correct start-date, the Court finds that § 2244(d)(1)(A) does not apply because Canty is challenging an administrative decision and not a court-imposed judgment of conviction. See Palmer v. Phillips, No. 05 Civ. 9894(KMW), 2007 WL 60419, at *4 (S.D.N.Y. Jan. 8, 2007) ("The word "final" in § 2244(d)(1)(A) refers to a judgment of conviction, not to an administrative decision.") (citing Cook, 321 F.3d at 280) (where a prisoner's habeas petition challenges his parole revocation, the statute of limitations runs not from the date of underlying conviction but from the date of final revocation, because the revocation is the "factual predicate" for the petition)). Sections 2244(d)(1)(B) and (C) likewise are inapplicable because Canty is not claiming that some state action

-5-

impeded him from seeking habeas relief or that there is an issue regarding the retroactive application of a newly recognized constitutional right.

In accordance with other courts in this Circuit, the Court finds that § 2244(d)(1)(D) supplies the correct limitations start-date for a habeas petition a challenging prison disciplinary hearing. E.g., Pitt v. Rabiduea, No. 9:10-CV-1233 GLS/RFT, 2013 WL 4457377, at *2-3 (N.D.N.Y. Aug. 16, 2013). The statutory period thus begins to run on the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id. (citing Cook, 321 F.3d at 280-81 (holding that "[t]he limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim . . . could' reasonably have been discovered" and that the "factual predicate" for a petitioner challenging a parole revocation "is the revocation of his parole")). The "factual predicate" of Canty's petition is the superintendent's decision recommending that good time credits be withheld. E.g., Pitt, 2013 WL 4457377, at *3. That decision became "discoverable" within the meaning of § 2244(d)(1)(D) on the date that it became administratively final. Id. (citing Cook, 321 F.3d at 280 ("factual predicate" under § 2244(d)(1)(D) was "when Cook was notified that the administrative decision to revoke his parole had become

final"); McPherson v. Burge, No. 9:06-CV-1076 (GTS/VEB), 2009 WL 1293342, at *5 (N.D.N.Y. May 5, 2009)).

Here, the one-year period began to run on December 29, 2009, the date that the Tier III hearing disciplinary decision, see Respondent's Exhibit ("Resp't Ex.") E, was affirmed and became final. See Bullis, 2013 WL 4457377, at *4 ("[F]or purposes of [§ 2244(d)(1)]'s one-year limitations period, the superintendent's disciplinary decision became final upon Petitioner's receipt of the Commissioner's decision [affirming the decision]."). Absent any statutory or equitable tolling, the one-year limitations period would have ended on December 29, 2009. However, Canty was entitled to some tolling under § 2244(d)(2) because he sought collateral review[2] of the Commissioner's decision by filing a C.P.L.R. Article 78 petition. See Wall v. Kholi, ___ U.S. ___, 131 S. Ct. 1278, 1285 (2011) (defining "collateral review" in the context of 28 U.S.C. § 2244(d)(2) as "judicial review of a judgment in a proceeding that is not part of direct review"); see also People v. Liden, 19 N.Y.3d 271, 275 (2012) ("The usual way to obtain judicial review of the action of an administrative agency is a proceeding under CPLR article 78. . . .").

---

2

An inmate wishing to challenge an adverse disciplinary decision by the facility superintendent has only one direct administrative remedy available, i.e., an appeal the decision to DOCCS' commissioner, who can modify or overturn the superintendent's decision. See N.Y. COMP. CODES R. & REGS. tit. 7, § 254.8.

Here, the limitations period ran for 92 days, from December 29, 2009, until March 31, 2010, when Canty filed his Article 78 proceeding. See Resp't Ex. H. A collateral motion is pending for purposes of § 2244(d)(2) "from the time it is first filed until the time it's finally disposed of and further appellate review is unavailable under the particular state's procedures." Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). The limitations period thus was tolled from March 31, 2010, until January 9, 2012, the date that the Supreme Court denied the petition for a writ of certiorari. In sum, the pendency of the Article 78 proceeding from March 31, 2010, to January 9, 2012, tolled the limitations period for 649 days.

The statute of limitations ran again from January 9, 2012, until December 3, 2012, the date Canty commenced this action, for a total of 329 days. As noted above, 92 days elapsed prior to Canty filing his Article 78 proceeding. Thus, the statute of limitations ran for a total of 421 days (329 days plus 92 days), making his federal habeas petition, filed on December 3, 2012, untimely by 56 days.

In order to obtain review on the merits of his untimely petition, Canty bears the burden of showing that he is entitled to equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). There are two elements to a claim of equitable tolling: (1) diligent pursuit by the petitioner of his rights; and (2) an

"extraordinary circumstance" which stood in the petitioner's way and prevented him from timely filing. Id.; see also Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling applies only in "rare and exceptional circumstances" and requires a petitioner to demonstrate that "extraordinary circumstances" prevented him from timely filing and that he "acted with reasonable diligence throughout the period he seeks to toll"). Equitable tolling also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Canty did not file a traverse or reply to Respondent's memorandum of law in opposition to the petition and has not claimed that he is entitled to equitable tolling. There is nothing in the record indicate that this is one of those "rare and exceptional" cases where equitable tolling should apply. In particular, there is no suggestion that any "extraordinary circumstance" "beyond [Canty's] control," Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), prevented him from timely filing his petition. Accordingly, the Court agrees with Respondent that the petition should be dismissed because it is untimely, and Canty has not

established entitlement to equitable tolling of the limitations period.

## IV. Conclusion

For the foregoing reasons, the petition (Dkt #1) for a writ of habeas corpus is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue. The Court hereby certifies that any appeal from this Decision and Order would not be taken in good faith and therefore denies leave to appeal as a poor person. Any further requests for poor person status must be made, on motion, to the Second Circuit. The Clerk of the Court is requested to close this case.

**SO ORDERED.**

                                **S/Michael A. Telesca**

                              HONORABLE MICHAEL A. TELESCA
                              United States District Judge

DATED:    December 11, 2013
            Rochester, New York